McGREGOR W. SCOTT
United States Attorney
AUDREY B. HEMESATH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2729

Attorneys for Defendants

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EISSA H. ABUMAALI, | No. 08-cv-F-505 AWI GSA |
| Plaintiff, | STIPULATION AND ORDER RE: DISMISSAL |
| v. | |
| Michael Chertoff, Secretary of Homeland Security, et al. | |
| Defendants. | |

This is an immigration case in which plaintiff challenged the delay in adjudication of his applications to replace his alien registration card and his application for a travel document by defendant United States Citizenship and Immigration Services. As of the time of this filing, both of these applications have been adjudicated. Accordingly, the parties stipulate to the dismissal of this lawsuit.

Dated: August 12, 2008

McGREGOR W. SCOTT
United States Attorney

By:  /s/Audrey Hemesath
Audrey B. Hemesath
Assistant U.S. Attorney
Attorneys for the Defendants

By:  /s/Marc Leslie Van Der Hout
Marc Leslie Van Der Hout
Attorney for the Plaintiff

-1-

ORDER

The parties seek dismissal of this action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.   Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice.  Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986).  Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. Pro. 41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4.   Because Plaintiff has filed a stipulation for dismissal as to all parties under Rule 41(a)(1)(ii) that is signed by all parties who have made an appearance, this case has terminated.  See Fed. R. Civ. Pro. 41(a)(1)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692.

Therefore, IT IS HEREBY ORDERED that this action is DISMISSED and the Clerk of the Court is DIRECTED to close this case in light of the parties' filed and signed Rule 41(a)(1)(ii) Stipulation For Dismissal.

IT IS SO ORDERED.

**Dated:   August 20, 2008**              **/s/ Anthony W. Ishii**
                                          CHIEF UNITED STATES DISTRICT JUDGE